On Application for Rehearing.
En Banc.
PER CURIAM.
In his application for a rehearing counsel for defendant complains that we did not allow it a credit against the workmen’s compensation granted to plaintiff because plaintiff lived in a rented house owned by Henry Kinney, his employer, and the insured in the instant case. In allowing plaintiff compensation in our original opinion we fixed the value of the rented house at $4.00 per week, and took this into account in determining the wages earned by plaintiff.
Counsel for defendant contends that it should be entitled to a credit against compensation benefits paid to plaintiff for the reason that he lived in said premises rent free after the accident.
We have been unable to find a case, nor has any been directed to our attention, which deals specifically with the voluntary furnishing of a rent house. The general rule is well established that any voluntary payments by the employer over and above the amount of workmen’s compensation cannot be claimed as a credit against compensation payments unless there was an express agreement between the parties to this effect. Walters v. General Accident & Fire Assurance Corporation, Ltd., (La.App., 1 Cir., 1960), 119 So.2d 550, and cases cited therein.
A careful examination of the record does not reveal any express agreement between the parties that the rental value of the house would be credited against compensation due.
In view of the lack of an express agreement on the subject, and the authority cited above, we conclude that our original decree disallowing a credit for rent after the accident is correct.
Application for rehearing is denied.